**David CRUZ, Plaintiff–Appellant,**

v.

**MIDWOOD AMBULANCE & OXYGEN SERVICE, INC., Defendant–Appellee.**

No. 03–9125–CV.

United States Court of Appeals, Second Circuit.

June 22, 2005.

David Cruz, Brooklyn, NY, for Appellant pro se.

Lewis S. Goldberg, Goldberg & Weinberger LLP, New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, and JACOBS, Circuit Judges.

SUMMARY ORDER

Plaintiff-appellant David Cruz appeals from the September 18, 2003, judgment of the district court granting summary judgment in favor of defendant-appellee Midwood Ambulance & Oxygen Service, Inc. ("Midwood") and dismissing Cruz's employment discrimination complaint, in which he alleged that he had been improperly terminated due to his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). We assume familiarity with the facts and with the issues raised on appeal.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the out-

come of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When, as here, a litigant is proceeding *pro se,* we construe that litigant's appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments they suggest. *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994). The rule favoring liberal construction of *pro se* submissions is especially applicable to civil rights claims. *See Weixel v. Bd. of Ed.,* 287 F.3d 138, 146 (2d Cir.2002). Nevertheless, mere "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York,* 88 F.3d 63, 71 (2d Cir.1996).

Viewing the evidence in the light most favorable to Cruz, as the district court and we are required to, we conclude that, for substantially the reasons set forth in the district court's memorandum and order, summary judgment was properly granted to Midwood. A review of the record discloses that Cruz did not offer evidence to substantiate his claims that his termination was motivated by racial or national origin animus or discrimination. But assuming Cruz did establish a *prima facie* claim of discrimination, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001), he did not present evidence sufficient to rebut as a pretext for discrimination Midwood's asserted non-discriminatory reasons for terminating him— that Cruz was often late for work, that on two occasions he did not inform Midwood about his absences, thereby violating the collective bargaining agreement, and that he engaged in a verbal confrontation with a supervisor, which concluded with a threat that he had a rifle. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Furthermore, to the extent Cruz was seeking to raise a hybrid claim based on the union's alleged breach of its duty of fair representation and § 301 of the National Labor Relations Act, we agree with the district court that any such claim was time barred because Cruz filed his complaint eleven months after the arbitration award and opinion issued. *See White v. White Rose Food,* 128 F.3d 110, 114 (2d Cir.1997) (limitations period is six months from the date the plaintiff knew or should have known of the breach by the union).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.